IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMY NICOLE RAUPACH, )
)
    Plaintiff, )
)
    v. ) Civil Action No. 15-125-E
)
CAROLYN W. COLVIN, ACTING )
COMMISSIONER OF SOCIAL SECURITY, )
)
    Defendant. )

O R D E R

AND NOW, this 30th day of August, 2016, upon consideration of Plaintiff's Motion for Summary Judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying Plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Acting Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Sec'y of U.S. Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988); see also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a

federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred by failing to evaluate properly certain evidence in formulating Plaintiff's residual functional capacity assessment ("RFC"). The Court disagrees and finds that substantial evidence supports the ALJ's findings as well as his ultimate determination, based on all the evidence presented, of Plaintiff's non-disability.

First, the Court finds no merit in Plaintiff's contention that the ALJ improperly considered the opinion rendered by Plaintiff's primary care physician, William J. Blazes, D.O. (R. 393-97). It is well-established that "[t]he ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations." Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011) (citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c)). "The law is clear . . . that the opinion of a treating physician does not bind the ALJ on the issue of functional capacity." Brown v. Astrue, 649 F.3d 193, 197 n.2 (3d Cir. 2011). A treating physician's opinion is only entitled to controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." Fargnoli v. Massanari, 247 F.3d 34, 43 (3d Cir. 2001) (quoting 20 C.F.R. § 404.1527(c)(2)). "If, however, the treating physician's opinion conflicts with other medical evidence, then the ALJ is free to give that opinion less than controlling weight or even reject it, so long as the ALJ clearly explains [his or] her reasons and makes a clear record." Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 148 (3d Cir. 2007). A treating physician's opinion on the ultimate issue of disability is not entitled to any "special significance," and an ALJ is not required to accept it since the determination of whether an individual is disabled "is an ultimate issue reserved to the Commissioner." Smith v. Comm'r of Social Sec., 178 Fed. Appx. 106, 112 (3d Cir. 2006).

The Court finds that the ALJ did not, as Plaintiff alleges, fail to give proper consideration to the opinion of Dr. Blazes in formulating Plaintiff's RFC. Rather, the ALJ fulfilled his duty as fact-finder to evaluate Dr. Blazes' opinion, considering a number of factors, and in light of all the evidence presented in the record. See 20 C.F.R. §§ 404.1527, 416.927. The ALJ noted that the doctor opined that Plaintiff was limited to less than a full range of sedentary work, that she "could never perform any postural movements and indicated the claimant had additional limitations with pushing, pulling, and reaching," and that she had other environmental limitations. (R. 36). The ALJ explained that Dr. Blazes' assessment of various limitations (which the ALJ mistakenly attributed to the doctor's colleague, Dr. Balmer) was not supported by objective evidence, nor was it "consistent with his treatment records that showed only routine and conservative treatment." (R. 36). The ALJ also pointed out that the doctor's own notes indicated that Plaintiff's "strength in her upper and lower extremities was normal and symmetrical." (R. 36). Nevertheless, the ALJ specified that he gave Dr. Blazes' opinion "some weight" and, although he implicitly rejected certain limitations found by the doctor, the ALJ clearly included in his RFC a significant number of postural and environmental limitations that Dr. Blazes suggested, including that Plaintiff can never climb, crouch, balance, or crawl, and that she should avoid exposure to environments "with poor ventilations, heights, moving machinery,

2

vibrations, temperature extremes, wetness, humidity, fumes, odors, dusts, and gases." (R. 32).

Moreover, the opinion of Dr. Blazes at issue here is simply a medical statement form that was filled out by the doctor. (R. 393-97). The form solely consists of options to check or circle and blanks to be filled in by hand. The Court of Appeals for the Third Circuit has stated that "[f]orm reports in which a physician's obligation is only to check a box or fill in a blank are weak evidence at best." Mason v. Shalala, 994 F.2d 1058, 1065 (3d Cir. 1993). Thus, the Court notes that Dr. Blazes' opinion lacks significant discussion, explanation or details to justify his statements contained therein. Regardless, the Court finds that the ALJ sufficiently explained his reasons for giving Dr. Blazes' opinion only "some" weight in formulating Plaintiff's RFC.

In fact, in formulating Plaintiff's RFC, the ALJ also considered the physical residual functional capacity assessment of state agency medical consultant Paul Fox, M.D. (R. 130-45). In his decision, the ALJ pointed out that Dr. Fox's opinion, from August, 2012, found that Plaintiff "was able to perform medium exertional work with no additional postural or environmental limitations." (R. 35). Although the ALJ noted that Dr. Fox's opinion was "reasonable," based upon the evidence available at the time, he noted that due to "additional evidence received at the hearing level as well as giving some credence to [Plaintiff's] subjective allegations of pain," he explained that he included "additional exertional, postural, and environmental limitations" in the RFC in order to accommodate Plaintiff's physical impairments. (R. 35). Notably, the Court of Appeals for the Third Circuit has stated that, in making an RFC determination, an ALJ may choose to give more weight to a non-examining professional's opinion if that opinion is better supported by the record. See Salerno v. Comm'r of Soc. Sec., 152 Fed. Appx. 208 (3d Cir. 2005) (affirming an ALJ's decision to credit the opinion of a non-examining state agency reviewing psychologist, rather than the opinions of a treating physician and a consultative examiner). Thus, the ALJ was not obligated to give more weight to the treating physician's opinion than to that of the state agency examiner. Regardless, the Court finds that substantial evidence supports the ALJ's consideration of the opinion of Dr. Fox, and his ultimate determination, which reasonably combined aspects of both Dr. Blazes' opinion and Dr. Fox's opinion.

In a related argument, Plaintiff asserts that the ALJ also erred in evaluating her credibility. In support of this contention, Plaintiff argues, in essence, that the ALJ failed to consider properly her subjective complaints and that the ALJ should have found that the severity of her symptoms was supported by the objective medical evidence as well as by her activities of daily living. The Court finds, however, that the ALJ did in fact properly address the medical evidence, and he also adequately considered Plaintiff's subjective complaints—and ultimately accounted for the limitations resulting from her impairments—in forming Plaintiff's RFC.

In determining whether a claimant is disabled, the ALJ must consider all of a claimant's symptoms and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. See 20 C.F.R. §§ 404.1529(a), 416.929(a). A claimant's subjective complaints of symptoms alone are not sufficient to establish disability. See id. In evaluating a claimant's subjective complaints, the ALJ must consider, first, whether the claimant has a medically determinable impairment that could reasonably be expected to produce the

3

symptoms he alleges. See 20 C.F.R. §§ 404.1529(b), 416.929(b). Once an impairment is found, the ALJ then must evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which those symptoms limit his ability to work. See 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii), 416.929(c)(3)(i)-(vii) (factors relevant to symptoms can include daily activities, medications and medical treatment). In the ALJ's decision here, after examining Plaintiff's medical treatment and subjective complaints in connection with her alleged impairments, the ALJ ultimately found that such evidence simply did not fully support the limitations she alleges.

Specifically, Plaintiff claims that the ALJ erred in not properly evaluating the medical evidence in connection with her fibromyalgia and that he overstated her activities of daily living. In fact, the ALJ discussed the medical evidence at great length, along with Plaintiff's own statements in connection with her alleged impairments, which he explained did not substantiate her claims of disabling symptoms. For example, the ALJ cited medical evidence documenting normal muscle strength, normal sensation, full range of motion, the lack of swelling or points of tenderness, medical test results revealing no significant issues or abnormalities, physician reports documenting successful treatment outcomes, and Plaintiff's own accounts indicating that symptoms had been alleviated. (R. 33-34). Additionally, the ALJ found Plaintiff's activities of daily living, including her ability to prepare meals, perform household chores including washing dishes and doing laundry, shopping, paying bills, counting change, handling savings and checking accounts, and driving, to be inconsistent with her allegations of disabling pain and limitations. (R. 35). Moreover, the ALJ did in fact find that Plaintiff has a number of severe impairments, including fibromyalgia, chronic pain syndrome, cervicalgia, cognitive impairment, depression, anxiety, and attention deficit disorder. (R. 30). However, upon substantial review of all the evidence of record, the ALJ simply found that the evidence as a whole did not support the extreme limitations that Plaintiff alleges.

Thus, the ALJ found, after careful consideration of all the evidence, that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible" for the reasons he provided in his decision. (R. 33). The Court finds that the ALJ did not err in evaluating Plaintiff's subjective allegations because he thoroughly reviewed them in accordance with the regulations, and he provided sufficient explanation as to why he found those allegations to be not entirely credible.

In sum, the ALJ addressed the relevant evidence in the record, including full consideration of the opinion evidence, and he thoroughly discussed the basis for his RFC finding. After careful review of the record, the Court finds that there is substantial evidence to support the ALJ's reasons for not giving controlling weight to Dr. Blazes' opinion evidence in the record. Additionally, the Court finds that the ALJ did not err in assessing Plaintiff's credibility. Accordingly, the Court affirms.

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion Summary Judgment (Doc. No. 10) is DENIED and Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED.

s/Alan N. Bloch<br>United States District Judge

ecf:	Counsel of record